UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DISABILITY RIGHTS CONNECTICUT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTICUT DEPARTMENT OF CORRECTION, and ANGEL QUIROS, in his official capacity as the Commissioner of the Connecticut Department of Correction, <br><br> Defendants. | Civil Action No. 3:23-cv-00622-KAD <br><br> June 13, 2023 |

## JOINT MOTION TO DISMISS

The parties hereby jointly move for dismissal of this case based upon agreements reached by the parties to resolve all issues in accordance with terms and conditions set forth the Stipulated Agreement attached hereto and filed herewith.

DATED: June 13, 2023

| PLAINTIFF | DEFENDANTS |
|---|---|
| Disability Rights Connecticut, Inc. | Connecticut Department of Correction <br> Angel Quiros, Commissioner |
| BY: __/s/ Deborah A. Dorfman___ <br>     Deborah A. Dorfman, Esq. |     WILLIAM TONG <br>     ATTORNEY GENERAL |
| By: _/s/ James P. Welsh_____ <br>     James P. Welsh, Esq. | BY: _/s/ Frank J. Garofalo III_____ <br>     Frank Garofalo <br>     Assistant Attorney General |
| | BY: _/s/ Edward Rowley_____ <br>     Edward Rowley <br>     Assistant Attorney General |

1

## Certificate of Service

I hereby certify that on June 13, 2023 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system and for those unable to access the Court's electronic filing system, by Federal Express Overnight Mail. Parties may access this filing through the Court's CM/ECF System.

By: /s/ *James P. Welsh*
James P. Welsh

# Attachment 1

FOR SETTLEMENT PURPOSES ONLY: NOT ADMISSIBLE FRE 408

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DISABILITY RIGHTS CONNECTICUT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONNECTICUT DEPARTMENT OF CORRECTION, and ANGEL QUIROS, in his official capacity as the Commissioner of the Connecticut Department of Correction, <br><br><br> Defendants. | Civil Action No. 3:23-cv-00622-KAD <br><br> June 9, 2023 |

## STIPULATED AGREEMENT

The Plaintiff, Disability Rights Connecticut ("DRCT") and Defendants, the Connecticut Department of Correction and Angel Quiros, in his official capacity as the Commissioner of the Connecticut Department of Correction ("DOC") (collectively "the Parties"), as a result of settlement negotiations that took place on May 25, 26, and 30, 2023, wish to resolve all of the claims raised in the above-captioned action as set forth in the provisions of this agreement. As such, the Parties to this action hereby agree to file a Joint Motion for Dismissal in the above-captioned case in its entirety based upon the terms and conditions set forth in this Stipulated Agreement:

1. This Stipulated Agreement resolves the claims raised in Plaintiff's Complaint entitled *Disability Rights Connecticut v. Connecticut Department of Corrections, et al.*, Civil Action No. 3:23-cv-00622-KAD (ECF No. 1) filed on May 12, 2023.

2. **No Admission of Liability:** This Stipulated Agreement and any actions taken pursuant to it are made solely to avoid the burdens and expenses of protracted litigation and shall not constitute an admission of wrongdoing or liability.

1

## SEXUAL ASSAULT INVESTIGATIVE REPORTS (ALSO KNOWN AS "PREA" REPORTS

3. Defendants have agreed to produce, and Plaintiff has agreed to accept, redacted Prison Rape Elimination Act ("PREA") reports concerning inmates at York Correctional Institution ("York") from 2019 to 2022.

4. On May 26, 2023, Defendants produced a portion of the redacted PREA reports referenced above in Paragraph 3.

5. Defendants will produce additional redacted PREA Reports referenced above in Paragraph 3 to Plaintiff *via* email through an electronic share drive by June 9, 2023, and will produce all remaining reports on or before June 30, 2023.

## "STAFFING PLAN FOR YORK CORRECTIONAL INSTITUTION"

6. Defendants will make the "Staffing Plan" for York, required by PREA and its implementing regulations 28 C.F.R. §115.13, available for inspection to Plaintiff at the Central Offices of the Connecticut Department of Correction at a mutually agreed upon date and time to take place no later than June 30, 2023. The Parties shall work together through their Counsel to set the date and time for the inspection.

7. Plaintiff's Supervising Attorney, Rachel Mirsky, and Investigator, Richard Edmonds, will review such "Staffing Plan" for York at the Central Offices of the DOC. If, for any reason, Attorney Mirsky and Mr. Edmonds are unavailable. Plaintiffs' Counsel James Welsh and/or Deborah Dorfman will instead inspect the Staffing Plan consistent with the terms of this Stipulated Agreement.

8. Although Plaintiff may inspect the entire "Staffing Plan" for York, Plaintiff may not copy, photograph, or remove the "Staffing Plan" from the designated room for inspection at the Central Offices of the Connecticut Department of Correction.

9. Plaintiff may take notes while reviewing the "Staffing Plan" for York.

10. Plaintiff may request a second appointment to inspect the "Staffing Plan" for York at the Central Offices of the Department of Correction. If such a request is made, the Parties will work cooperatively to promptly schedule a mutually agreed upon date and time for the subsequent inspection.

11. DRCT will maintain the confidentiality of any information that it learns as a result of inspecting the "Staffing Plan" for York in accordance with the requirements of the PAIMI Act and its implementing regulations.

## ACCESS TO INDIVIDUALS FOR WHOM COMPLAINTS OF SEXUAL ASSAULT ARE LISTED ON THE REDACTED SPREADSHEET

12. Defendants will work collaboratively with Plaintiff to set up several mutually agreeable dates during which Plaintiff will be provided with a private room at York to meet confidentially with any inmate at York wishing to meet with DRCT. These meetings will be scheduled to take place in July and/or August of 2023, and/or on any mutually agreed upon date by the Parties.

13. Plaintiff will draft and mail a letter to each inmate residing at York explaining what DRCT does, how to contact to DRCT, and that DRCT will be at the facility on dates agreed upon the Parties to meet with inmates living at York.

## PHONE ACCESS

14. All calls by inmates to DRCT to the designated phone number provided by DRCT, and all calls to inmates from DRCT, shall be considered privileged calls and will not be recorded. Inmates will have the ability to make confidential calls to DRCT staff.

15. By June 16, 2023, DOC will ensure that DRCT's contact information is uploaded to inmate tablets so that they may contact DRCT.

16. By June 16, 2023, DOC will upload a mutually agreed upon notice that contains DRCT's contact information, as well as information explaining that calls to and from DRCT are considered privileged calls and a publication from the DRCT explaining its services and programs, to each of the inmates' tablets. For inmates who do not have access to tablets, DOC will make this information available in paper form.

17. By June 16, 2023, Defendants will allow inmates who are permitted to have tablets to call DRCT from their tablets at any time that they wish. Inmates have up to six (6) free 15-minute calls on their tablets per day, and may use these calls to contact DRCT. In addition to being able to call DRCT on tablets, inmates may also make a request, either verbal or in writing, with his/her/their DOC counselor to schedule a telephone call with DRCT in accordance with the procedure of the DOC Administrative Directive ("A.D.") No. 10.7, § 17(f), titled "Privileged Telephone Calls." Calls initiated from tablets are not subject to the procedure of § 17(f) OF A.D. 10.7.

18. Inmates who do not have access to a tablet and wish to make calls to DRCT may do so by making a written or verbal request to their counselor to schedule such a call, as discussed above in Paragraph 17. Similarly, the DRCT may also contact counselors to schedule or reschedule calls with inmates.

19. Within twenty-one (21) days of execution of this Stipulated Agreement, Defendants will provide a roll-call notice to all correctional staff working with inmates to provide

them information about the provisions of this agreement with respect to inmate phone access to DRCT.

## RELEASE

20. Release for and in consideration of the agreements set forth in this Stipulated Agreement and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Stipulated Agreement, Plaintiff, on behalf of herself, administrators, successors, and assigns ("Releasing Party"), hereby release and forever discharge the Defendants, the Connecticut Department of Correction and Angel Quiros, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party incurred in connection with the Action up to and including the date of this Stipulated Agreement related to any and all rights, claims, causes of action, grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action. Plaintiff is not waiving or releasing any non-waivable statutory protections or any constitutional rights and, specifically does not alter, amend, limit, or waive its continuing access authority pursuant to the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. § 10801, *et seq., as amended*; the Developmental Disabilities and Bill of Assistance Act (also known as the PAIDD Act), 42 U.S.C. § 15041, *et seq., as amended*, the Protection and Advocacy for Individual Rights (PAIR) Act, 29 U.S.C. § 794e, and the Protection and Advocacy for Individuals with Traumatic Brain Injury (PATBI) Act, 42 U.S.C. § 300d-52., and their respective implementing regulations.

## ATTORNEYS FEES AND COSTS

21. Each party is responsible for its own attorneys' fees and costs. Plaintiffs will not file a fee petition seeking an award of attorneys' fees or costs with the Court in this matter. The Parties will file a joint motion to dismiss this action with prejudice.

## MISCELLANEOUS

22. **Governing Law:** The terms of this Stipulated Agreement shall be governed by, and construed in accordance with, the laws of the State of Connecticut applicable to contracts to be performed wholly within the State of Connecticut, without regard to choice-of-law rules.

23. **Impracticability:** Non-compliance with one or more of the terms of this Stipulated Agreement is excusable with a showing of impracticability.

24. **Severability**: If any provision of this Stipulated Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion(s) of this Stipulated Agreement or affect its validity.

25. **Voluntary Agreement:** The Parties hereto execute and deliver this Stipulated Agreement voluntarily after being fully informed of its terms, contents, and effect and acknowledge that she, he, or it understands its terms, contents, and effect. Each of the Parties acknowledges that she, he, or it has been represented by counsel of her, his, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

26. **Entire Agreement:** This Stipulated Agreement constitutes the full agreement and entire agreement between the Parties and cannot be amended absent mutual written agreement of both Parties.

27. **Authority**: Each signatory to this Stipulated Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulated Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulated Agreement.

28. **Successors and Assigns:** The terms and conditions of this Stipulated Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

29. **Headings**: The headings contained in this Stipulated Agreement are for convenience or reference only and are not a material part of this Stipulated Agreement.

30. **Execution:** This Stipulated Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile or electronically scanned signature.

31. **Expiration:** The terms of this Stipulated Agreement will expire on June 30, 2024.

**DATED**: June 9, 2023

| | |
|---|---|
| THE PLAINTIFF<br>Disability Rights Connecticut, Inc | THE DEFENDANTS<br>Connecticut Department of Correction and<br>Angel Quiros, Commissioner |

FOR SETTLEMENT PURPOSES ONLY: NOT ADMISSIBLE FRE 408

DATED: June 9, 2023

THE PLAINTIFF
Disability Rights Connecticut, Inc

BY: _____ signed. 6/13/23
Deborah A. Dorfman, Esq.

BY: _____
James P. Welsh, Esq.

THE DEFENDANTS
Connecticut Department of Correction and
Angel Quiros, Commissioner

BY: _____ signed 6/12/23
Nicole Anker, Esq.
Director of Legal Affairs
Connecticut Department of Correction

WILLIAM TONG
ATTORNEY GENERAL

BY: _____
Frank Garofalo
Assistant Attorney General

BY: _____
Edward Rowley
Assistant Attorney General

6